UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SUKUP MANUFACTURING                                              PLAINTIFF

VS.                                       CIVIL ACTION NO. 4:07CV163TSL-LRA

DEBORAH RUSHING D/B/A GRAIN
SYSTEMS REPAIRS AND JIMMY RUSHING                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Jimmy Rushing for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff Sukup Manufacturing (Sukup) has responded in opposition to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that there are genuine issues of material fact which preclude summary judgment.

Defendant Deborah Rushing d/b/a Grain Systems Repair (Deborah Rushing) is in the business of soliciting orders for the installation of grain bins to be placed on agricultural properties of end-use customers. According to the complaint in this cause, in December 2007, Deborah Rushing executed a credit application and dealer agreement so that she could purchase goods, services and materials from Sukup. Thereafter, following approval of her application, Deborah Rushing purchased numerous items, products and services for which she became indebted to Sukup for approximately $600,000. Sukup alleges that Deborah Rushing failed

to pay this debt, and that on October 18, 2007, her husband, defendant Jimmy Rushing, executed a memorandum by which he agreed to personally guarantee his wife's indebtedness. Sukup alleges that despite its demand for payment, defendants have failed to and refused to pay the indebtedness, totaling $651,109.04.

Jimmy Rushing has moved for summary judgment, contending that the memorandum alleged by Sukup to constitute his personal guaranty for the debt of Deborah Rushing is legally ineffective as it fails to satisfy the statute of frauds, which provides that a promise to answer for the debt of another is unenforceable unless reduced to writing, see Miss. Code Ann. § 15-3-1,[1] and which requires that the writing evidencing the parties' alleged agreement "contain substantial terms of contract with such certainty that they may be understood from the contract itself . . . without resorting to parol evidence," see Stahlman v. National Lead Co., 318 F.2d 388, 395 (5th Cir. 1963) (quoting Kervin v. Biglane, 110 So. 232, 233 (Miss. 1926)). Mr. Rushing thus contends he is entitled to summary judgment as a matter of law.

---

[1] This section provides,
An action shall not be brought whereby to charge a defendant or other party: (a) upon any special promise to answer for the debt or default or miscarriage of another person ... unless ... the promise or agreement upon which such action may be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith or signed by some person by him or her thereunto lawfully authorized in writing.
Miss. Code Ann. § 15-3-1.

On the same day Jimmy Rushing filed his motion, Sukup filed a cross-motion for summary judgment, claiming that the memorandum setting forth Jimmy Rushing's personal guaranty, which Jimmy Rushing admits he signed, is clear in its terms and otherwise satisfies the requirements of the statute of frauds.[2] However, when confronted with Rushing's motion, Sukup, rather than responding to the motion on the merits, requested additional time to respond on the basis that discovery had not been completed. The court denied that request, as Sukup had not demonstrated a need for additional discovery as required by Rule 56(f) of the Federal Rules of Civil Procedure. In its subsequently filed response to the motion, Sukup no longer asserts that the alleged personal guaranty memorandum signed by Jimmy Rushing satisfies the statute of frauds, and has evidently abandoned that position. It now takes the position, as set forth in its response, that the doctrines of equitable estoppel and/or promissory estoppel foreclose Rushing's reliance on the statute of frauds to defeat his oral agreement to personally guarantee his wife's debt to Sukup.

As Sukup notes, under Mississippi law, "equitable estoppel is a well established exception to the statute of frauds." Solomon

---

[2] Sukup also moved for summary judgment on its claim against Deborah Rushing, but since that time, Deborah Rushing has filed for bankruptcy protection. Accordingly, any action against Deborah Rushing is stayed.

3

v. Walgreen Co., 975 F.2d 1086, 1091 (5th Cir. 1992). See also Bowers Window & Door Co. v. Dearman, 549 So. 2d 1309, 1313 (Miss. 1989) ("[W]here the elements of equitable estoppel are present, the statute of frauds constitutes no bar to enforcement of that which a party has agreed.")(citing PMZ Oil Co. v. Lucroy, 449 So. 2d 201, 206 (Miss. 1984)).  Likewise, "the statute of frauds [cannot] bar the enforcement of an agreement where promissory estoppel is appropriate...." Thompson v. First American Nat. Bank, -- So. 3d. --, 2009 WL 1058246, 4 (Miss. Ct. App. April 21, 2009); Sanders v. Dantzler, 375 So. 2d 774, 776 (Miss. 1979)(where doctrine of promissory estoppel applies, party will be estopped from asserting the defense of the statute of frauds); Vannoy v. Saks Inc., 87 Fed. Appx. 349, 353, 2004 WL 234914, 2 (5th Cir. 2004) (recognizing that promissory estoppel can override statute of frauds' writing requirement in appropriate cases).  In his reply to Sukup's response, Jimmy Rushing maintains that Sukup's response fails to sufficiently establish the elements of either defense and that the statute of frauds therefore bars all Sukup's claims against him.

> The doctrine of promissory estoppel holds:
> > an estoppel may arise from the making of a
> > promise, even though without consideration, if
> > it was intended that the promise should be
> > relied upon and in fact it was relied upon,
> > and if a refusal to enforce it would be
> > virtually to sanction the perpetuation of
> > fraud or would result in other injustice.
> C.E. Frazier Constr. Co. v. Campbell Roofing and Metal
> Works Inc., 373 So. 2d 1036, 1038 (Miss. 1979).  The

4

> purpose of the doctrine of promissory estoppel is to
> "forbid one to speak against his own act,
> representations, or commitments to the injury of one to
> whom they were directed and who reasonably relied
> thereon." Koval v. Koval, 576 So. 2d 134, 137 (Miss.
> 1991).

Service Elec. Supply Co., Inc. v. Hazlehurst Lumber Co., Inc., 932 So. 2d 863, 870-871 (Miss. Ct. App. 2006). A party seeking to establish promissory estoppel must show (1) a promise; (2) that the promise induced action of a definite and substantial character on the part of the promisee; and (3) that the promisor reasonably should have expected the promisee's action. Solomon, 975 F.3d at 206 (citing Sanders, 375 So. 2d at 776-77). "If a party can establish these three elements, the promise will be binding notwithstanding the statute of frauds 'if injustice can be avoided only by the enforcement of the promise.'" Id. A party asserting equitable estoppel must similarly show (1) that it has changed its position in reliance upon the conduct of another; and (2) that it has suffered detriment caused by this change in position in reliance upon that conduct. Id.

In this case, Sukup has presented an affidavit from its Vice-President/CFO Steve Sukup in which he states that he met with Jimmy Rushing on October 18, 2007 to discuss the debt of Deborah Rushing and that during that meeting, Jimmy Rushing "agreed to guaranty payment of the debt in full in order to induce Sukup ... to continue doing business with Deborah Rushing d/b/a/ [GSR]." The affiant explains that he gave Jimmy Rushing two conditions for

5

continuing to do business with Deborah Rushing, first, that Mr. Rushing personally guarantee his wife's debt, and second, that two representatives of Grain Systems Repair (GSR) attend a meeting in Jonesboro, Arkansas on November 7, 2007.  Jimmy Rushing, he asserts, signed the personal guaranty, but no one from GSR appeared for the meeting on November 7.  He further states that Sukup "continued to do business with Deborah Rushing d/b/a [GSR] after the meeting of October 18," but that she placed no further orders with Sukup after that meeting.  He also states that after receiving Jimmy Rushing's personal guaranty, Sukup "withdrew its plan of action from proceeding immediately into litigation over the past due accounts" and that it "did not take any actions to repossess or in replevin that it had available to it to recover Sukup's equipment and materials that Deborah Rushing d/b/a [GSR] had in her possession."  He thus claims that "reliance on Jimmy Rushing's personal guaranty caused [Sukup] to suffer a loss of monetary damages for the most recently purchased equipment and materials by Deborah Rushing d/b/a [GSR]."

In response, Jimmy Rushing argues that Sukup has failed to establish any promise because he, in fact, never promised to pay the debt owed by his wife to Sukup.  However, Steve Sukup attests in his affidavit that Mr. Rushing did make such a promise, so that there is at least a disputed issue of fact on this element.

6

Jimmy Rushing further declares that Sukup cannot establish the element of detrimental reliance because, in fact, Sukup did not continue to have a business relationship with Deborah Rushing after the alleged promise, as Sukup has acknowledged, and it did not otherwise take any material action in reliance upon his alleged promise and was not adversely affected by his alleged promise.  Indeed, the record does establish without dispute that following Jimmy Rushing's alleged promise, Deborah Rushing did not place any further orders with Sukup and Sukup did not furnish her any materials, equipment or services.  The fact that Sukup was willing to continue doing business with her is immaterial, for the mere willingness to do business, without in fact doing any business that resulted in actual detriment to Sukup, obviously cannot reasonably be found to be detrimental reliance "of a definite and substantial character."  Thus, such alleged reliance is not sufficient to support a claim of estoppel.

Sukup also asserts that in reliance on Jimmy Rushing's promise to pay the outstanding debt owed by Deborah Rushing, it "withdrew its plan of action from proceeding immediately into litigation over the past due accounts."  In the court's opinion, Sukup cannot establish detrimental reliance merely by showing that Jimmy Rushing's alleged promise led it to delay planned litigation against Deborah Rushing.  Detrimental reliance can take the form not only of action but also of forbearance from action.  See

7

Restatement of the Law of Contracts, § 90, p. 110 ("A promise which the promissor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.") (quoted in Sanders, 375 So. 2d at 776). Yet there is nothing here to suggest that the slight delay in filing suit occasioned by Jimmy Rushing's alleged promise harmed or compromised Sukup's litigation position. However, and significantly, Sukup also asserts that in reliance on Jimmy Rushing's promise, it "did not take any actions to repossess or in replevin that it had available to it to recover Sukup's equipment and materials that Deborah Rushing d/b/a [GSR] had in her possession" when that promise was made. Jimmy Rushing's reply does not address or attempt to refute Sukup's position on this point. If Sukup were to establish that on October 18, 2007, Deborah Rushing had in her possession property that had been supplied by Sukup which Sukup could have immediately repossessed, and that it did not do so in reliance on Jimmy Rushing's alleged promise to pay the debt, then in the court's opinion, this would constitute sufficient detrimental reliance to support Sukup's assertion of promissory or equitable estoppel.[3] In the court's

---

[3] It has been said that "[w]hen reliance consists of the promisee's forbearance rather than affirmative action, proof that the promise induced the forbearance requires a showing that the

8

opinion, while Sukup has not affirmatively established that this was the case, the court cannot conclude as a matter of law that Sukup's assertion of promissory or equitable estoppel is meritless, given that Steve Sukup's affidavit clearly implies there was property that could have been repossessed to satisfy or offset a portion of the debt, and that he specifically asserts that Sukup did not repossess such property based on Jimmy Rushing's alleged promise and that Sukup suffered a loss of monetary damages for the equipment which it elected not to immediately repossess in reliance on Jimmy Rushing's alleged promise. Furthermore, as the court cannot conclude as a matter of law that Jimmy Rushing could not reasonably have expected that Sukup would rely on his alleged promise in this way, the court cannot conclude that Jimmy Rushing is entitled to summary judgment based on the bar of the statute of frauds.

    The court would note, however, that even if Sukup were ultimately to establish the elements of promissory or equitable estoppel, that does not mean that it would be entitled to enforcement of Jimmy Rushing's alleged promise. On the contrary, the Mississippi Supreme Court has held that under the estoppel doctrines, the promisee "should not be compensated in an amount

---

promisee could have acted." D & G Stout, Inc. v. Bacardi Imports, Inc., 805 F. Supp. 1434, 1450 (N.D. Ind. 1992).

9

greater than the loss incurred due to its reliance upon the assurance of [the promissor]." Christian Methodist Episcopal Church v. S & S Const. Co., Inc., 615 So. 2d 568, 575 (Miss. 1993). The court in Christian Methodist Episcopal Church recognized the general common law rule is that "equitable estoppel extends only so far as may be necessary to protect from loss the party entitled to assert it and to put the parties in the same relative position they would have occupied if the predicate of the estoppel had never existed." Id. Thus, "'[t]he damages recoverable in cases of promissory estoppel are the amount necessary to restore the injured party to the position he would have been in had he not acted in reliance on the other party's promises.'" Id. (quoting Adams v. Petrade International, Inc., 754 S.W.2d 696, 710 (Tex. Ct. App. 1988)). See also Restatement § 90, cmt. (D) ("[T]he same factors which bear on whether any relief should be granted also bear on the character and extent of the remedy. In particular, relief may sometimes be limited to restitution or to damages or specific relief measured by the extent of the promisee's reliance rather than the terms of the promise."). Thus, promissory estoppel is available to Sukup only to the extent that it was allegedly harmed by its reliance on Jimmy Rushing's alleged promise, which is to say, Sukup's assertion of promissory estoppel does not support its claim for recovery of the entire debt but rather only that portion of the

10

debt which could have been satisfied had it acted immediately to repossess any Sukup property in the possession of Deborah Rushing on October 18, 2007 and prior to the time it reasonably concluded that Jimmy Rushing had not and would not honor his alleged promise.

Based on the foregoing, it is ordered that the summary judgment motions of both parties are denied.

SO ORDERED this 11th day of June, 2009.

/s/ Tom S. Leee
UNITED STATES DISTRICT JUDGE